**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WASHINGTON MUTUAL BANK, a
federal savings bank, as successor at law
to Long Beach Mortgage Company,

        Plaintiff,

vs.                                            Case No. 3:07-cv-460-J-32MCR

LORI ANN SCHOENLAUB, fka
Lori Ann Tambellini dba Shoreline
Lending dba Shoreline Lending, LLC,

        Defendant.

**ORDER[1]**

This case is before the Court on plaintiff's Motion to Remand (Doc. 5), to which defendant has responded. (Docs. 8, 9.)

**I.**    **Background**

On March 29, 2007, Plaintiff Washington Mutual Bank filed a one-count complaint in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. Plaintiff alleges that defendant Lori Ann Schoenlaub fka Lori Ann Tambellini dba Shoreline Lending dba Shoreline Lending, LLC ("Schoenlaub") breached her

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

contract with Washington Mutual Bank in connection with the sale of residential mortgage loans.  (Doc. 2.)

On May 25, 2007, Schoenlaub filed a Notice of Removal with this Court.  (Doc. 1.)[2]  The Notice states that this Court "has original jurisdiction under 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and because the state court complaint demands damages of $2,422,409.96, against Defendant for alleged  breach of contract."  (Doc. 1 at 2 ¶ 3.)

Plaintiff Washington Mutual Bank filed a motion to remand on June 14, 2007, objecting to removal because defendant's removal notice failed to adequately allege the parties' citizenship for purposes of establishing the Court's diversity jurisdiction, and because the notice failed to attach copies of all process and pleadings as required by 28 U.S.C. § 1446(a).  (Doc. 5 at 3-4.)  The parties do not dispute that both the notice of removal and the allegations of the underlying state court complaint allege that the amount in controversy in this case far exceeds the $75,000.00 jurisdictional requisite.  The issue is whether defendant Schoenlaub, as the removing party, has met the burden of establishing federal jurisdiction by properly alleging complete diversity of citizenship.

---

[2]  Counsel for Schoenlaub agreed to accept service of the state court complaint and summons process on May 7, 2007.  (Doc. 1 at 2 ¶ 2.)

**II.     Discussion**

   **A.     Applicable Removal and Remand Law**

"On motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). "When a federal court's jurisdiction is premised upon the diversity of citizenship between the parties, the . . . removing party[ ] bears the obligation of demonstrating in the complaint that complete diversity exists between the parties." Matrix Z, LLC v. Landplan Design, Inc., 493 F. Supp.2d 1242, 1245 (S.D. Fla. 2007).  Further, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999), and "all doubts about jurisdiction should be resolved in favor of remand to state court." Id.; see also, e.g. Molina v. Rhodes, No. 8:06CV799 T27TGW, 2006 WL 3125318, at * 1 (M.D. Fla. Oct. 31, 2006)(unpublished opinion)(the "removal statute is to be strictly construed against removal and in favor of remand"); Jones ex rel. Bazerman v. Fla. Dept. of Children & Family Services, 202 F. Supp.2d 1352, 1354 (S.D. Fla. 2002)(removal statutes are strictly construed and any doubts or ambiguities are to be resolved in favor of remand).  In deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Furthermore, "[i]t is axiomatic that a party seeking to remove a case must

3

comply strictly with the statutory procedure for removal." Kirby v. OMI Corp., 65 F. Supp. 219, 220 (M.D. Fla. 1987); see also Winters Gov't Sec. Corp. v. NAFI Employees Credit Union, 449 F. Supp. 239, 241 (S.D. Fla. 1978)("case law requires strict compliance with the statutory procedure for removal"). "[F]ailure to comply with the requirements of the removal statute generally constitutes adequate grounds for remand." Yazdtchi v. Khademi, No. 95-A-216-N, 1995 WL 131762, at *3 (M.D. Ala. March 23, 1995)(unpublished opinion). The burden is on the removing party to demonstrate that removal was proper. Jones ex rel. Bazerman, 202 F. Supp.2d at 1354.

### B. Diversity of Citizenship

To establish diversity of citizenship, no defendant can be a citizen of the same state as any plaintiff. MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). The following rules apply to establishing "citizenship" of a party.

A corporation is considered a citizen of the state where it is incorporated as well as of the state where it has a principal place of business. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is determined by looking at the "total activities" of the corporation. See MacGinnitie, 420 F.3d at 1239. A federally chartered savings bank "sufficiently 'localized'" to a jurisdiction is a citizen of that state for purposes of determining diversity of citizenship. Loyola Federal Sav. Bank v. Fickling, 58 F.3d 603, 606 (11th

Cir. 1995); Cooper v. Eastern Sav. Bank, FSB, No. 1:05CV77DMR-JMR, 2006 WL 120188, at * 3 (S.D. Miss. Jan. 17, 2006)(unpublished opinion); see also Evergreen Forest Products of Ga., LLC v. Bank of America, N.A., 262 F. Supp.2d 1297, 1307 (M.D. Ala. 2003)(national bank is "located in" and is thus a citizen of the state of its principal place of business under 28 U.S.C. § 1348).  The citizenship of most unincorporated entities depends on the citizenship of each member composing the organization, and, for diversity purposes, an unincorporated entity is a citizen of each state of which a member of the entity is a citizen. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004).  Finally, although there is no statutory definition of citizenship with regard to natural persons, federal courts hold that citizenship of an individual is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); Slate v. Shell Oil Co., 444 F. Supp.2d 1210, 1214-15 (S.D. Ala. 2006).

When a court is reviewing the citizenship of the parties to determine if the suit meets the requirements of diversity jurisdiction, the court must look to the citizenship of the parties at the time when the action was filed.  See Freeport-McMorRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

### C. Allegations of Citizenship

#### 1. Plaintiff's Citizenship

Plaintiff's complaint alleges that plaintiff "Washington Mutual is a federal savings bank having offices at 7301 Baymeadows Way, Jacksonville, Florida 32256", that it engages in business at the Jacksonville address, and that it is "the successor at law to Long Beach Mortgage Company, a former Delaware corporation having offices at" that same Jacksonville address and in Anaheim, California. (Doc. 2 at ¶¶ 1, 6, 7.) Defendant's notice of removal[3] alleges that she "is informed and believes the Plaintiff, Washington Mutual Bank was, and still is, a Federal Savings Bank, having offices at 7301 Baymeadows Way, Jacksonville, FL 32256." (Doc. 1 at 2 ¶ 4.)

#### 2 Defendant's Citizenship

Plaintiff's complaint alleges that

> 2.    Defendant is an individual doing business at 650 Town Center Drive, 13th Floor, Suite 1300, Costa Mesa, CA 92626, and who transacts business using the Internet from www.shorelinelend.com, and who maintains a Florida mortgage banking license.

(Doc. 2 at 2 ¶ 2.) Plaintiff alleges that the Florida Circuit Court has jurisdiction based

---

[3] The Court's inquiry is not limited to the complaint. Federal courts "consider the facts disclosed on the record as a whole in determining the propriety of removal." Villarreal v. Brown Express, Inc., 529 F.2d 1219, 1221 (5th Cir. 1976). The Court may rely upon the plaintiff's complaint, the information contained in the notice of removal, and any other relevant materials in the record. Stevens v. Nichols, 130 U.S. 230, 231 (1889).

upon Section 48.193(1)(g), Florida Statutes which provides for state court jurisdiction based upon breach of contract within this state. (Doc. 2 at 2 ¶ 3.) Defendant's notice of removal alleges that

> Defendant was, at the time of the filing of this action, and still is, doing business in the State of California, County of Orange, doing business at 23041 Avenida De La Carlota, Suite 200, Laguna Hills, California 96257 . . ..

(Doc. 1 at 2 ¶ 4.)

Plaintiff's complaint is inadequate, standing alone, to establish original jurisdiction in this Court as required by 28 U.S.C. § 1441(a). The complaint alleges a state law breach of contract claim, such that there is no federal question to validate removal under 28 U.S.C. § 1441(b). Neither is diversity of citizenship established pursuant to 28 U.S.C. § 1332; the complaint contains no allegation of "citizenship" of either plaintiff Washington Mutual Bank (alleged to be a federal savings bank "having offices at" Jacksonville, Florida), or defendant Schoenlaub (alleged to be an individual "doing business" in California and "transacting business" using the Internet).

Likewise, the allegations of defendant's notice of removal are inadequate to permit the Court to ascertain whether complete diversity of citizenship exists in this case. The petition contains no allegation of plaintiff Washington Mutual Bank's legal status as to whether plaintiff is a corporation, a federally chartered bank, or an unincorporated association, nor does it allege the plaintiff's place of incorporation, principal place of business, place of "localized" business, or citizenship of its members,

depending on plaintiff's legal status.  Additionally, the petition does not allege defendant Schoenlaub's domicile, which is required to establish the citizenship of an individual party.  Accordingly , it is impossible for the Court to determine whether the parties are completely diverse. See Molina, 2006 WL 3125318 at * 2 (failure to plead corporation's principal place of business requires remand); Winters Gov't Secs. Corp. v. Cedar Point State Bank, 446 F. Supp. 1123, 1126 (S.D. Fla. 1978)(lack of allegation of bank's legal status or principal place of business was fatal to diversity jurisdiction).

Because the notice of removal fails to identify the citizenship of the parties, the Court is unable to determine whether there is complete diversity between the parties. Broad allegations that a party conducts business in a particular state are insufficient to establish that the state is the party's principal place of business (if a corporation), a "sufficiently localized" or principal place of business (if a federally chartered bank), or a domicile (if an individual or unincorporated organization).  Accordingly, resolving all doubts in favor of remand, the Court must remand the case for lack of subject matter jurisdiction because the removing defendant has not met the burden of demonstrating the propriety of removal.

### D.     **Amendment**

Defendant argues that her "removal petition properly alleges diversity of the parties" (Doc. 8 at 2), but in the event the petition is defective, "it may be cured by amendment at any time" pursuant to 28 U.S.C. § 1653.  (Doc. 8 at 4.)

A petition for removal "may be amended freely only within the statutory period of thirty days from service of the complaint. Thereafter, it may be amended only to set forth more specifically grounds for removal which were stated imperfectly in the original petition." Winters Gov't Sec. Corp., 449 F. Supp. at 243; see also Diebel v. S.B. Trucking Co., 262 F. Supp.2d 1319, 1331 (M.D. Fla. 2003)(notice of removal may be amended only to set more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition).

> An imperfect or defective allegation is distinguished from a missing allegation, which is not subject to amendment after thirty days. [Citation omitted.] Therefore, . . . the determinative issue becomes whether the jurisdictional allegations are missing or stated imperfectly. If the latter, then the jurisdictional defects may be cured; if the former, the cause must be remanded for lack of federal jurisdiction.

Winters Gov't Sec. Corp., 449 F. Supp. at 243; see also Denton v. Wal-Mart Stores, Inc., 733 F. Supp. 340 (M.D. Fla. 1990)(defendant cannot amend notice of removal to add missing jurisdictional allegation of corporation's principal place of business).

Defendant cites to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," as the basis for her request to cure the jurisdictional defect in her notice of removal beyond the thirty day statutory period. Section 1653, by its own terms, may be employed only to cure "defective allegations of jurisdiction"; it does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading or to

amend a substantial defect in removal proceedings.  Beard v. Lehman Brothers Holding, Inc., 458 F. Supp.2d 1314, 1322 (M.D. Ala. 2006); Agrico Chemical Co. v. The Williams Cos., No. 3:04CV379/MCR, 2005 WL 2044942, at *7 n.6 (N.D. Fla. Aug. 23, 2005)(unpublished opinion)(denying untimely amendment of removal petition under 28 U.S.C. § 1653; "'[c]ompletely new grounds for removal cannot be added and missing allegations may not be furnished'")(citation omitted); Fuller v. Exxon Corp., 131 F. Supp.2d 1323, 1328 (S.D. Ala. 2001)(same).[4]

Defendant's allegation in her removal petition that the Court has original jurisdiction under 28 U.S.C. § 1441(b)[5] because this "is a civil action between citizens of different states," is a general allegation that is insufficient to confer jurisdiction upon this Court. Winters Gov't Sec. Corp., 449 F. Supp. at 243 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1935)(jurisdiction may not be maintained "by mere averment")).  Schoenlaub's failure to set forth her domicile

---

[4] Defendant has failed to establish that this breach of contract action between one plaintiff and one defendant presents any "novelty, complexity, and technicality" such that "the ends of justice and judicial efficiency are best served" by allowing defendant to cure the jurisdictional deficiencies in her notice of removal pursuant to 28 U.S.C. § 1653. Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 282 (11th Cir. 1987); see Fowler v. Hertz Vehicles, LLC, No. 3:06-cv-635-J-33MCR, 2007 WL 106563, at *2 (M.D. Fla. Jan. 9, 2007)(unpublished opinion).

[5] "When diversity jurisdiction is the only ground for federal subject matter jurisdiction in a case initially filed in state court, such a case 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.'" Snapper, Inc. v. Redan, 171 F.3d 1249, 1257 (11th Cir. 1999)(quoting 28 U.S.C. § 1441(b)).

establishing her citizenship, and plaintiff Washington Mutual Bank's legal status and averments establishing its citizenship constitute missing jurisdictional allegations rather than imperfectly stated allegations, and cannot be corrected by defendant's July 10, 2007 request to cure (Doc. 8 at 4), filed beyond the expiration of the statutory thirty-day period for removal. Winters Gov't Sec. Corp., 449 F. Supp. at 243; 28 U.S.C. § 1446(b).[6]

For the foregoing reasons, and upon due consideration, it is hereby

**ORDERED:**

1.   Plaintiff's Motion for Remand (Doc. 5) is **GRANTED**.

2.   This case is **REMANDED** to the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida.  The Clerk is directed to mail a certified copy of this Order to the clerk of the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida, and to close the file.

3.   The parties are to bear their own costs relating to the proceedings before this Court.

---

[6]   Unlike the missing jurisdictional allegations, defendant's failure to attach copies of all state court process and pleadings constitutes a procedural defect that can be cured after the thirty day period.  See Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 (11th Cir. 1985)(failure to file papers required by removal statute can be remedied); Woodall v. Ins. Co. of North America, 582 F. Supp. 247, 248 (N.D. Ga. 1984)(removing party can amend petition beyond 30 day period to attach missing copies of state court documents); 28 U.S.C. § 1447(b).

11

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of September, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record